UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FATEEN GROCE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 21-cv-5132 |
| | : | |
| CITY OF PHILA. LAW DEPT., *et al.* | : | |
|     Defendants. | : | |

**O R D E R**

AND NOW, this 17th day of February, 2022, upon consideration of Plaintiff Fateen Groce's Motion to Proceed *In Forma Pauperis* (ECF No. 6), Prisoner Trust Fund Account Statement (ECF No. 7), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

    1.    Groce's Motion to Proceed *In Forma Pauperis* (ECF No. 6) is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Fateen Groce, #QN-0425, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Camp Hill or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Groce's inmate account; or (b) the average monthly balance in Groce's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Groce's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Groce's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI-Camp Hill.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum issued this date, the following claims are **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a. All claims against the City of Phila. Law Dept., Office of the City Solicitor, and Civil Rights Unit are **DISMISSED WITH PREJUDICE**.

   b. Groce's state law claims for intentional infliction of emotional distress, defamation, libel, and slander are **DISMISSED WITH PREJUDICE**.

   c. Groce's official capacity and civil rights conspiracy claims are **DISMISSED WITHOUT PREJUDICE**, with the exception of his malicious prosecution claims against Defendants Detective McGoldrick, Detective Price, Detective Ruth, Officer Vivarina, and Officer Travaline, which is not dismissed and may proceed.

6. The Clerk of Court is **DIRECTED** to terminate the City of Phila. Law Dept., Office of the City Solicitor, and Civil Rights Unit as Defendants.

7. The Clerk of Court is **DIRECTED** to send Groce a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

8.      **No later than March 18, 2021**, Groce may file an amended complaint if he chooses to do so and in the event he can allege additional facts to cure the defects in the claims the Court has dismissed without prejudice.  Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Groce's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-5132.  **<u>If Groce files an amended complaint, his amended complaint must be a complete document that includes all the bases for Groce's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  Claims that are not included in the amended complaint will not be considered part of this case.  This means that if Groce wants to proceed on his malicious prosecution claims against Defendants McGoldrick, Price, Ruth, Vivarina, and Travaline in an amended complaint, he must reallege the claims in full in the amended complaint</u>**.  When drafting his amended complaint, Groce should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9.      Should Groce choose not to file an amended complaint and stand on his Complaint as originally submitted, the Court will direct service of his Complaint and **ONLY** his malicious prosecution claims against Defendants Detective McGoldrick, Detective Price, Detective Ruth, Officer Vivarina, and Officer Travaline will proceed and be served on the appropriate Defendants.

10. Groce may also notify the Court that he seeks to proceed on his malicious prosecution claims against Defendants Detective McGoldrick, Detective Price, Detective Ruth, Officer Vivarina, and Officer Travaline rather than file an amended complaint.  If he files such a notice, Groce is reminded to include the case number for this case, 21-5132.

11. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

12. A decision on Groce's Motion to Appoint Counsel will be deferred until after Groce files an amended complaint or the time in which to do so has expired.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR**
**United States District Judge**